# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN EDWARD CLARK, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>SUN COUNTRY HOLDINGS, INC.,<br><br>    Defendant(s). | Case No. 2:24-cv-00379-JAD-NJK<br><br>**Scheduling Order**<br><br>[Docket No. 25] |

Pending before the Court is the parties' renewed discovery plan. Docket No. 25. The renewed discovery plan fails for myriad reasons, so it is **DENIED**.

First, the discovery plan was filed on the docket by Attorney Deanna Forbush, who did not sign the document. Indeed, Attorney Forbush is not even an attorney in this case, Defendant's motion for her withdrawal having been granted previously. *See* Docket No. 19. As such, the manner of filing violates the local rules. *See* Local Rule IC 5-1(b). In addition, the caption of the discovery plan does not say it is seeking special scheduling review, *but see* Local Rule 26-1(a), and does not provide the judges' initials with the case number, *but see, e.g.*, Local Rule IA 10-2.

Second, despite being afforded a second opportunity to explain why special scheduling review is required in this case, *see* Docket No. 24 (denying initial discovery plan),[1] the renewed discovery plan continues to fall short. Each of the reasons proffered for special scheduling review is either undeveloped or insufficient as a matter of law:

(A) The renewed discovery plan indicates that there will be multiple witnesses, multiple medical providers, and multiple experts, Docket No. 25 at 2, but "[t]he same can be

---

[1] The presumptively reasonable discovery period is 180 days from the defendant's answer or first appearance. Local Rule 26-1(b)(1). Requests for longer discovery periods requires special scheduling review. *See* Local Rule 26-1(a).

said in many cases," Docket No. 24 at 2. The renewed discovery plan continues to fail to explain with any elaboration why this circumstance justifies more time for discovery in this case (*i.e.*, providing specific information as to the volume or nature of discovery along with a specific explanation as to why that discovery cannot be completed within the default timeframe).

(B) The renewed discovery plan indicates that pleading amendment, cross-claims, and third-party pleadings "*will* be required." Docket No. 25 at 2 (emphasis added). If the parties are currently aware of pleading deficiencies, or of the need to add cross claims or bring in third-party defendants, the obvious question is why they have not taken steps now to address those issues.

(C) The renewed discovery plan references potential motion practice on consolidating different cases, but it references only two cases <u>that are pending in state court</u>. Docket No. 25 at 2. No explanation is advanced as to how consolidation will take place with cases in state court, nor whether or when the identified cases will be removed to federal court.

(D) The renewed discovery plan references the likelihood of motions to remand, Docket No. 25 at 2-3, but a motion to remand was already filed in this case and withdrawn by the parties, *see* Docket No. 8; *see also* Docket No. 20. Given the history of this case, it is unclear why the parties apparently believe there will be additional remand efforts.

(E) In conjunction with the references to potential consolidation and remand, the renewed discovery plan indicates that the pendency of such motions "will encroach on the discovery time for this case." Docket No. 25 at 3. Such an assertion appears to be predicated on the erroneous belief that the pendency of those motions somehow stays discovery. Such an assumption is wrong. Even the pendency of a dispositive motion does not act to automatically stay discovery. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). More pertinent here, the filing of a motion to remand or a motion to consolidate (neither of which is dispositive in nature) is not grounds to stay or delay discovery efforts. *See, e.g.*, *Grammer v. Colo. Hosp. Ass'n*

*Shared Servs., Inc.*, No. 2:14-cv-01701-RFB-VCF, 2015 WL 3938406, at *2 (D. Nev. June 26, 2015) (holding that a stay of discovery was unwarranted pending resolution of a motion to remand to state court because "[t]his action will either continue in federal court or in state court. Unless the case settles, discovery will proceed regardless of the outcome of the District Court's remand decision").  In short, the act of filing a motion to remand or a motion to consolidate has no bearing on the requirement to proceed with discovery in diligent fashion.

For all of these reasons, the renewed discovery plan is **DENIED**.  As the Court has already provided an extra opportunity to state sufficient justification for special scheduling review, Docket No. 24, it declines to do so again.[2]  Case management deadlines are hereby **SET** as follows:

- Initial disclosures:  April 9, 2024
- Amend pleadings/ add parties:  May 23, 2024
- Initial experts:  June 24, 2024
- Rebuttal experts:  July 22, 2024
- Discovery cutoff:  August 21, 2024
- Dispositive motion deadline:  September 22, 2024
- Joint proposed pretrial order:  October 21, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In the event the pertinent standards can be met, *see, e.g.*, Local Rule 26-3, nothing herein prevents the filing of a request to extend deadlines should the need arise.  The Court will review any such request if and when it is filed, and expresses no opinion herein as to whether it will be granted.

3